Argued and submitted July 29, on petitioners' motion to supplement the record filed August 29, respondent's response to petitioners' motion filed September 13, and petitioners' reply to respondent's response filed September 16, 2019; motion to supplement record allowed, final order affirmed June 10, 2020

Jai MATA
and Jai Mata Joe's Trucking, Inc.,
*Petitioners,*

*v.*

DEPARTMENT OF TRANSPORTATION,
*Respondent.*

Department of Transportation
MCA0473, MCA0477; A165061

467 P3d 809

Petitioners seek review of a final order of the Oregon Department of Transportation's (ODOT) Motor Carrier Transportation Division (MCTD), which assessed highway use taxes against them. They challenge only the MCTD administrator's first finding of fact, assigning error to (1) the administrator's characterization of Joseph Chand as the "sole proprietor" rather than the "principal" of Jai Mata, (2) the deletion of the administrative law judge's proposed statement that petitioners are "operations of the same business entity" for ODOT accounting purposes, and (3) the addition of language that petitioners are "two separate entities" for ODOT accounting purposes. *Held*: The administrator's final order is affirmed. The only issues before the administrator were whether, and how much, petitioners owed in highway use taxes. Petitioners did not challenge the administrator's conclusion that they owed those taxes, and the administrator's finding concerning petitioners' business structure and ownership was not a necessary component of its ruling. Accordingly, petitioners' evidentiary challenge did not provide a basis to reverse or remand the final order, even if it was well taken.

Motion to supplement record allowed; final order affirmed.

Gordon T. Carey, Jr., argued the cause and filed the briefs for petitioners.

Judy C. Lucas, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Mooney, Judge.

MOONEY, J.

Motion to supplement record allowed; final order affirmed.

**MOONEY, J.**

Petitioners, Jai Mata and Jai Mata Joe's Trucking, Inc., are interstate motor carriers subject to Oregon's weight mile tax program when operating motor vehicles on Oregon highways. They seek judicial review of a final order of the Oregon Department of Transportation (ODOT), Motor Carrier Transportation Division (MCTD), assessing highway use taxes against them. Petitioners do not challenge the assessed taxes. Instead, they challenge the first finding of fact in the background section of the final order, specifically assigning error to the MCTD administrator's (1) characterization of Joseph Chand as the "sole proprietor" rather than the "principal" of Jai Mata, (2) the deletion of the administrative law judge's (ALJ) proposed statement that petitioners are "operations of the same business entity" for ODOT accounting purposes, and (3) the addition of language that petitioners are "two separate entities" for ODOT accounting purposes. ODOT responds that the only issues before the ALJ and the MCTD administrator (administrator) were whether, and how much, petitioners owed in highway use taxes, neither of which petitioners contest on judicial review. ODOT argues that the finding of fact concerning the business structure of Jai Mata and its relationship to Chand and to Jai Mata Joe's Trucking, Inc., was not in dispute at the hearing, not relevant to any material issue at the hearing, and, thus, petitioners' assignments of error do not provide a basis for us to reverse or remand the final order. We agree with ODOT and affirm.

ORS 825.474(1) establishes a highway use tax that is imposed upon and collected from "carriers *** for the maintenance, operation, construction and reconstruction of public highways." A "carrier" is defined as a "for-hire carrier." ORS 825.005(1). A "for-hire carrier," in turn, is defined as "[a]ny person who transports persons or property for hire *** by motor vehicle." ORS 825.005(7)(a). Notably, the highway use tax statutes do not distinguish motor carriers by business structure. The tax is imposed on any for-hire carrier that transports persons or property on Oregon roads by motor vehicle.

In this contested case, ODOT—through the administrator—was authorized to "modify a finding of historical fact" made by the ALJ if the administrator determined there was "clear and convincing evidence in the record that the finding was wrong." ORS 183.650(3). If she modified such a finding in a "substantial manner," the agency had a duty to identify and explain the modification. ORS 183.650(2). We review modified findings *de novo*, applying a preponderance of the evidence standard. *See Bice v. Board of Psychologist Examiners*, 281 Or App 623, 629, 383 P3d 913 (2016). If we find that the agency erred in modifying the fact, we are obligated to remand to the agency for entry of an order consistent with our judgment. ORS 183.650(4). We review additional findings made by the agency for substantial evidence under ORS 183.482(8)(c).

The administrator made extensive findings of fact in her final order based, for the most part, on the ALJ's proposed final order. All but the first of those findings are unchallenged and, therefore, are binding on judicial review. *Lee v. Appraiser Certification and Licensure Board*, 160 Or App 622, 624, 981 P2d 825 (1999). As pertinent to our review, the undisputed facts are that Jai Mata applied for and was granted a motor carrier account in August 2011. It was assigned an MCTD account number of 148988. Jai Mata Joe's Trucking, Inc., applied for and was granted a motor carrier account in December 2012. It was assigned an MCTD account number of 163222.[1]

Petitioners filed a notice in this court, post-oral argument, seeking to submit the applications for the MCTD accounts for Jai Mata and Jai Mata Joe's Trucking, Inc. We treated the notice as a motion to supplement the record, ODOT filed its objections to inclusion of the applications in the record, and we reserved our ruling for an opinion on the merits. For the following reasons, we now conclude that petitioner's motion to supplement the record is allowed. The record reflects that the applications were submitted to the ALJ on March 27, 2017, by counsel for ODOT in an email referencing petitioners' objection to the proposed order. The

---

[1] There is a third associated MCTD account for Joe's Trucking (account number 063180), but Joe's Trucking is not a part of this judicial review.

ALJ issued her response to the objections later that same day. It is clear that the applications were considered in the hearing process leading up to the final order. While the record "closed" as of September 16, 2016, the ALJ received and considered additional submissions as she considered and ruled on petitioners' exceptions to the proposed order. Given that the applications were considered by the ALJ and that they were actually produced by ODOT, we conclude that including the applications as part of the record on review would neither surprise any party nor place any party in an unfair position, and that to do so is desirable under the circumstances of this review. The motion to supplement the record is, therefore, allowed.[2]

Petitioners' MCTD applications reflect the identity of the applicants and assignment of account numbers as described above. The agency audited those accounts beginning in 2013. The audit period for Jai Mata was November 1, 2011 to January 1, 2013. The audit period for Jai Mata Joe's Trucking, Inc., was January 1, 2013 to August 31, 2014. The audits occurred over a significant period of time and involved extensive records review and exchange, notices of highway use tax assessments and reassessments, a contested case hearing before an ALJ, post-hearing submissions and arguments and, finally, the final order that is on review, which issued in April 2017.

The administrator's characterization of the business structure of Jai Mata and Jai Mata Joe's Trucking, Inc., provided clarity that the audits at issue were from two MCTD accounts that were consolidated for the contested case hearing and that the final order covered both accounts. That finding has no significance in the final order beyond providing that clarity. No party has argued that the business structure of tax account holders is relevant to the imposition, or calculation, of highway use taxes in this case. Whether a particular business structure effects the collection of such taxes or the enforcement of tax warrants that may later issue is not before us.

---

[2] "The court may require or permit subsequent corrections or additions to the record when deemed desirable." ORS 183.482(4).

We thus express no opinion about the propriety of the challenged finding, except to say that the administrator's "finding" concerning petitioners' business structure and ownership was not necessary for the administrator's conclusion that petitioners owed highway use taxes and the disputed fact was not litigated by the parties. The parties agree that the business structure of the account holders and the relationship of each to Chand and to each other was not before the ALJ. And, as discussed above, the administrator's conclusion that petitioners owed taxes does not depend on whether petitioners are sole proprietorships, corporations, or any other form of business, or on who—or what—owned the businesses. Therefore, petitioners' evidentiary challenge to the administrator's first finding of fact does not provide a basis on which we could reverse or remand the final order, even if it was well taken. *See Lee*, 160 Or App at 635 (challenged finding was not critical to the board's decision, thus, even if the finding were erroneous, it did not provide a basis for reversal); *Pac. Motor Trucking Co. v. Bur. of Labor*, 64 Or App 361, 368, 668 P2d 446, *rev den*, 295 Or 773 (1983) ("An erroneous but immaterial finding provides no basis for reversal."). Because petitioners do not challenge the administrator's conclusion that petitioners owed highway use taxes, we affirm.

Motion to supplement record granted; final order affirmed.